# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:10-CR-801-3 |
| V. | § | (2:12-CV-343) |
| | § | |
| SAMUEL EUGENE DEWEESE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Samuel Eugene Deweese's ("Deweese") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, along with his memorandum of law in support. D.E. 200, 201.[1] The Court previously granted the Government's motion to require defense counsel to file an affidavit.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

Deweese and others were indicted in August 2010 on two counts of drug trafficking involving more than 50 kilograms of marijuana. D.E. 1. He was arrested in September 2010.

Deweese first appeared before a federal magistrate judge in the Southern District of Texas, Corpus Christi Division in October 2011. Counsel was appointed. D.E. 25. In December 2010, Deweese hired retained counsel, who substituted for appointed counsel. D.E. 47. A superseding indictment was issued in February 2011 that added a co-conspirator and also deleted the previously named co-conspirators. D.E. 58.

---

[1] Docket entry references are to the criminal case.

On July 18, 2011, Deweese pleaded guilty to Count One of the Superseding Indictment pursuant to a written plea agreement with the Government. In exchange for his guilty plea and truthfulness at rearraignment, sentencing, and with the U.S. Probation Department ("Probation"), the Government agreed to recommend that Deweese be given maximum credit for acceptance of responsibility and to recommend a sentence of imprisonment within the applicable sentencing guideline range, as well as to dismiss the remaining count of the Superseding Indictment after sentencing. D.E. 112.

Prior to sentencing, the Probation Officer produced a Presentence Investigation Report ("PSR"). D.E. 128. Deweese's base offense level was 24 based upon the quantity of marijuana seized at the checkpoints from his two co-conspirators, 95.29 kilograms of marijuana. Id., ¶ 20. The PSR further increased his offense level by 4 for his role as a leader/organizer of criminal activity. The PSR did not give him credit for acceptance of responsibility, resulting in a total offense level of 28. Id., ¶ 26. Deweese had a criminal history score of 10, resulting in a criminal history category V. Id., ¶¶ 43-49. The PSR established Deweese's guideline range of imprisonment as 130-162 months.

Deweese objected to the four-point enhancement for leader/organizer and objected to the criminal history calculation in ¶42, due to its age.

A contested sentencing hearing was held in November 2011. D.E. 183. Deweese testified that he had reviewed the PSR and that he agreed with the objections filed by counsel. Id., p. 5. The DEA case agent testified about the investigation and how the investigation began to focus on Deweese after his two co-defendants were caught with marijuana at a checkpoint. During their separate debriefings, they each identified Deweese as the person who put together their load of marijuana. Richard Williams, one of Deweese's co-conspirators, testified next that since the mid-1990s, he had made 15-20 trips to Texas and transported marijuana to Missouri for Deweese, and Deweese paid him to do so. Id., pp. 17-20. Marc Eric Dean, another co-conspirator also testified that he got caught the first

2

time he smuggled drugs for Deweese. Id., pp. 29-30. Dean testified that Deweese would front him marijuana, which he would sell by the ounce and then pay Deweese. Id., p. 36.

After hearing the testimony, the Court overruled all of Deweese's objections. The Court sentenced Deweese to 130 months imprisonment, 3 years supervised release, and a special assessment of $100. Id., pp. 47-48. The Court advised Deweese of his right to appeal. Id., p. 48.

Deweese did not appeal. He filed his § 2255 motion within a year after his sentence became final.

### III. MOVANT'S ALLEGATIONS

Deweese claims that his counsel failed to file an appeal as requested and that counsel led Deweese to believe an appeal would be filed but was not. Deweese claims that immediately after sentencing, he told counsel he wished to appeal, but he was not able to reach counsel after sentencing to confirm that an appeal had been filed. D.E. 200, 201.

### IV. DISCUSSION

#### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

#### B. Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In some cases, when "the defendant alleges . . . that during the judicial proceeding he was–either actually or constructively–denied the assistance of counsel altogether, 'The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage.' The same is true on appeal." Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000) (internal citations omitted).

### C.     Failure to File a Notice of Appeal

The Court held a hearing on Deweese's claim that he advised counsel that he wanted to appeal, but counsel did not file an appeal. The Government obtained an affidavit from defense counsel, which stated that he met with Deweese before and after sentencing and explained that Deweese had the right to appeal but had waived several issues by his guilty plea. Counsel swore that Deweese did not ask him to appeal and that he did not hear from Deweese again after sentencing.

4

Counsel's affidavit was dated January 4, 2013.

Counsel became ill and was unable to attend the scheduled evidentiary hearing in this case that was held on February 24, 2014. Before the hearing, counsel's wife, who worked in his office, sent the Court a letter dated January 13, 2014, explaining that defense counsel fell down a flight of stairs in April 2012 and had a concussion. He had brain surgery in September, October, and December of 2012. In March of 2013, he fell again and broke his hip. He suffers from short term memory loss. The parties agreed to allow the letter to be used for purposes of the hearing. See Minute Entry February 24, 2014.

Deweese testified that he spoke with counsel before the hearing about the PSR and enhancements. They discussed potential appeal before sentencing because Deweese was concerned about the role adjustment in the PSR. Counsel was certain that leadership role would be assessed by the Court and advised him that if he objected to leadership role, he would likely lose acceptance of responsibility. Counsel and Deweese discussed Deweese's need for appointed counsel for appeal, even though sentencing counsel was retained. Deweese testified that counsel did not come see him after sentencing. Deweese's sister in law, Rose, contacted counsel a week after sentencing on Deweese's behalf and reported to Deweese that counsel said he was working on the appeal. Deweese was housed at the Coastal Bend Detention Center for a short period after sentencing. Deweese testified he wrote counsel, but he did not keep copies. He could not telephone counsel because counsel did not accept the phone calls. Rose was paying counsel for Deweese and continued to make payments until six months after sentencing to complete the agreed-upon fee. At that time, counsel told Rose he was finished with the case. Deweese spoke to Rose once a week to try to find out what was going on. Once he was moved to Elktown, Ohio, Deweese spent some time in administrative segregation. During that period, he spoke to Rose only once a month. When he got out of administrative segregation, Deweese wrote the Clerk to find out the status of his appeal. When he got

a copy of the docket sheet, he learned that no appeal had been filed. He then filed the present action.

There is a direct conflict between Deweese's testimony and counsel's affidavit. Counsel claims he saw Deweese after sentencing at Coastal Bend Detention Center. Deweese testified he did not. Because counsel was unavailable and is permanently unavailable due to his deteriorating health, the Court directed the Parties to make inquiry at the prison facility to determine whether the prison logs reflect any visit by counsel and to report back to the Court.

The AUSA reported to the Court and to opposing counsel that he obtained call logs and visitation logs from Coastal Bend. The logs confirm that counsel neither spoke to nor visited Deweese after sentencing. Additionally Deweese's call logs confirm his testimony at the evidentiary hearing.

The Court finds that Deweese requested that counsel file a notice of appeal and counsel failed to do so. Counsel's failure to file the requested notice of appeal falls below professional standards. See Flores-Ortega, 528 U.S. at 477 ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

The next issue under the Strickland standard is whether Deweese was prejudiced. The standard is described in Flores-Ortega, "If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." Id. at 484. In this case, Deweese's testimony and the call logs have established that Deweese would have appealed, but for counsel's failures.

The remedy for counsel's ineffective assistance in this context is an out-of-time appeal, which is accomplished by the dismissal of Deweese's § 2255 motion without prejudice and the Clerk's re-entry of the criminal judgment, which begins the appellate timetable anew. United States v. West, 240 F.3d 456, 460-61 (5th Cir. 2001). Deweese's notice of appeal from his criminal

conviction and sentence must be filed no later than 14 days from the re-entry of the judgment on the record, pursuant to Rule 4(b)(1). FED. R. APP. P. 4(b)(1). If Deweese cannot afford to retain counsel for appeal, he must file an application to proceed *in forma pauperis* on appeal. If he qualifies and requests appointment of counsel, the Court will appoint counsel.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that counsel's failure to file a notice of appeal as requested, therefore depriving Deweese of an appeal he would have otherwise taken, constitutes ineffective assistance of counsel that entitles him to an out-of-time appeal. Accordingly, this Court **DISMISSES** the motion to vacate, set aside, or correct sentence (D.E. 201) without prejudice. The Clerk is instructed to reinstate the judgment of conviction and forward to Deweese an Application to Proceed *in Forma Pauperis* on Appeal.

It is so **ORDERED.**

**SIGNED** on this 30th day of June, 2014.

```
                        _____
                              JOHN D. RAINEY
                        SENIOR U.S. DISTRICT JUDGE
```